UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROGER D. ERICKSON,

                Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

                Defendant.

Case No. C11-410-JCC-BAT

**REPORT AND
RECOMMENDATION**

Roger Driscoll Erickson seeks review of the denial of his Disability Insurance Benefits application. In his opening brief, he contended the ALJ erred by improperly evaluating the opinions of Dr. Glenn Sternes, Ph.D., and improperly discounting Mr. Erickson's credibility. Dkt. 11. In response, the Commissioner filed a motion conceding the ALJ erred in evaluating Dr. Sternes' opinion and arguing the matter should be remanded for further administrative proceedings. Dkt. 17. Mr. Erickson replied arguing the matter should be remanded for an award of benefits. Dkt. 18. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Erickson is currently 62 years old, completed the 10th grade, and has worked as a

REPORT AND RECOMMENDATION - 1

truck driver, infantry man, and laborer.[1]  On September 11, 2007, he applied for benefits,

alleging disability as of January 1, 1983.  Tr. 145.  His application was denied initially and on

reconsideration.[2]  The Social Security Administration has established a five-step disability

evaluation process.[3]  Utilizing this process the ALJ conducted a hearing on November 5, 2009,

and found at **step one** that Mr. Erickson had not worked since January 1, 1983, and last met the

insured status requirements of the Social Security Act on June 30, 1985.  Tr. 16.  The ALJ found

at **step two** that through the date last insured, Mr. Erickson did not have any severe impairments

or combination of impairments and therefore was not disabled.  *Id.*  As the Appeals Council

denied Mr. Erickson's request for review, the ALJ's decision is the Commissioner's final

decision.  Tr. 1.

**DISCUSSION**

**A.     Remand standard**

The parties agree the ALJ erred in evaluating the opinions of Dr. Glenn Sternes, Ph.D.,

and that the matter should therefore remanded.  The sticking point is whether the matter should

be remanded for further proceedings or for an award of benefits.  The Court may remand for an

award of benefits where "the record has been fully developed and further administrative

proceedings would serve no useful purpose."[4]  This occurs when:  (1) the ALJ has failed to

provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no

outstanding issues that must be resolved before a determination of disability can be made; and

(3) it is clear from the record that the ALJ would be required to find the claimant disabled if he

---

[1] Tr. 145, 163, 166.
[2]  Tr. 97-99.
[3] 20 C.F.R. §§ 404.1520, 416.920.
[4] *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

1  considered the claimant's evidence.[5]  As discussed below, under this standard, the Court

2  concludes the matter should be remanded for further proceedings.

3  **B.      Evaluation of Dr. Sternes' opinions**

4          Mr. Erickson's arguments that this case should be remanded for an award of benefits rest

5  heavily on Dr. Sternes' opinions.  Dr. Sternes is a reviewing doctor who has never treated or

6  examined Mr. Erickson and who testified as a medical expert at the hearing.  Tr. 69.  He testified

7  on direct examination there was insufficient evidence in the medical record to render "any kind

8  of diagnosis or conclusions" about Mr. Erickson's medical impairments prior to 1985.  Tr. 70.

9  He also testified that based on the medical record, Mr. Erickson did not have any severe

10  impairments before June 30, 1985.  *Id.*  On cross-examination, Dr. Sternes testified he had no

11  reason to question Dr. Plattner's opinion that Mr. Erickson had PTSD in 1990 and 1999.  Tr. 76-

12  77.  Mr. Erickson's lawyer also asked Dr. Sternes the following questions regarding the

13  testimony Mr. Erickson gave at the hearing and Dr. Stearnes gave the following answers:

14          Q:  Would you agree that the symptoms he [Mr. Erickson]
            described, specifically hypervigilence, sleep disturbance, bad
15          dreams, social isolation, irritability, anger, insistence on doing
            things the right way, which veterans gets to say his way, that these
16          are symptoms of PTSD?

17          A:  Yes, Sir.

18          Q:   So do you not agree that on a more probable than not basis
            then the veteran was having these symptoms of PTSD, that he had
19          PTSD prior to 1985; it was just not diagnosed?

20          A:  Yes.

21          Q:  Now the veteran explained that he had great difficulty
            following a supervisor's instructions; that he insisted on doing
22          things the right way, which he related to what happened to him in
            Vietnam where he would follow orders and people would die, even

23  _____

    [5] *Id*. at 1076-77.

though he knew the orders were wrong.  Do you have any reason to doubt that were he on a job prior to 1985 the same thing would have had happened?

A:  Yes

Q:  You have reason to doubt that?

A:  No, sir.

Q:  So you think that's more likely than not what would have happened?

A:  Yes.

Q:  And you heard his testimony about if he were doing an assembler job and he would see people walking toward him. Because of his hypervigilence, he would stop what he was doing and watch the people.  So you have any reason to doubt that would happen if he were on a job prior to 1985?

A:  No.

Tr. 78-79.

Dr. Sternes also testified that based on Mr. Erickson's testimony, a person with the limits Mr. Erickson described would have moderate or severe non-exertional limitations but would not meet the criteria for a listed impairment.  *See* Tr. 80-85.

Mr. Erickson argues Dr. Sternes' testimony establishes (1) Mr. Erickson's PTSD is a severe impairment, for purposes of a step-two determination; (2) Mr. Erickson's PTSD caused significant functional limitations prior to 1985, the date last ensured; (3) Mr. Erickson was under disability due to PTSD prior to the his last date insured; and (4) the Court should therefore remand the matter for an award of benefits.  The record does not support these arguments.

First, Dr. Sternes' testimony is not sufficient to establish, for purposes of a step-two determination, that Mr. Erickson's PTSD was a severe impairment during the relevant time period, i.e., before June 1985.  At step two of the sequential evaluation, the ALJ determines

REPORT AND RECOMMENDATION - 4

whether a claimant suffers from a "severe" impairment—one that significantly limits his physical

or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520, 416.920(c). To satisfy step

two's requirement of a severe impairment, the claimant must prove the existence of a physical or

mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory

findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§

404.1508, 416.908; *see also* Social Security Ruling (SSR) 96-4p[6] (the existence of a medically

determinable mental impairment must be established by medical evidence consisting of signs,

symptoms, and laboratory findings; under no circumstances may the existence of an impairment

be established on the basis of symptoms alone).

Hence, at step two, regardless of how genuine an individual's complaints are, the

existence of a medically determinable mental impairment cannot be established in the absence of

objective medical abnormalities, i.e., medical signs and laboratory findings. If there are no

medical signs or laboratory findings to substantiate the existence of a medically determinable

mental impairment, the individual must be found not disabled at step two of the sequential

evaluation process. *See* SSR 96-4p; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

Here, Dr. Sternes testified that based on the medical record, Mr. Erickson did not have

any severe impairments before June 30, 1985. *Id.* Mr. Erickson has not challenged this opinion.

Hence the medical record shows an absence of objective medical abnormalities; i.e., medical

signs and laboratory findings to support a finding that Mr. Erickson's PTSD was a severe

impairment prior to June, 30 1985. It is true Mr. Erickson testified that his PTSD symptoms

were disabling prior to 1985, and that Dr. Sternes agreed that a person with such symptoms

---

[6] "SSRs do not have the force of law" but "represent the Commissioner's interpretation of the agency's regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001). However, they are given "some deference" as long as they are consistent with the Social Security Act and regulations. *Id*. (citation omitted).

REPORT AND RECOMMENDATION - 5

1  would have moderate to severe limitations.  But as discussed above, a claimant's complaints

2  alone are insufficient to prove the existence of a severe impairment during the relevant time

3  period—prior to the last date insured, June 1985.

4  Although the opinions Dr. Sternes gave, based on Mr. Erickson's complaints, are

5  insufficient to support a finding PTSD was a severe impairment prior to 1985, there is other

6  evidence in the record that should be considered.  The medical record shows Dr. Plattner

7  diagnosed Mr. Erickson as suffering from PTSD.  Dr. Plattner examined Mr. Erickson in July,

8  1990 and in May, 1997.  Tr. 714, 742.  In 1990, Dr. Plattner opined Mr. Erickson had dysthemia

9  but did not meet the criteria for a PTSD diagnoses.  Tr. 744.  In 1997, Dr. Plattner opined his

10  1990 opinion was in error and that Mr. Erickson met the criteria for PTSD.  Tr. 718-19.  Dr.

11  Plattner also opined in 1997 that Mr. Erickson's PTSD was severe and that he would not be able

12  to sustain a 40 hour workweek.  Tr. 719.  Dr. Plattner's opinions thus show that since 1990, Mr.

13  Erickson's PTSD was a severe impairment for purposes of step-two.

14  While Dr. Plattner's opinions indicate that after 1990 Mr. Erickson's PTSD was a severe

15  impairment, it is not clear whether the doctor was also of the opinion that PTSD was a severe

16  impairment prior to June 30, 1985, the relevant time period in this case, and if so, what if any

17  limitations PTSD caused during that time frame.  Rather, the record shows Dr. Plattner did not

18  venture an opinion as to whether Mr. Erickson's PTSD was a severe impairment prior to June

19  1985.  And, Mr. Erickson has not claimed Dr. Plattner found Mr. Erickson's PTSD to be a severe

20  impairment prior to 1985, and that the ALJ erred in failing to so find.

21  At best, all Mr. Erickson has argued is Dr. Plattner did not opine Mr. Erickson's PTSD

22  "did not exist prior to Erickson's last date insured."  *Id.*  But an argument is not the same as a

23  fact established by substantial evidence of record.  Mr. Erickson's argument thus is not an

REPORT AND RECOMMENDATION - 6

adequate substitute for actual medical evidence establishing Mr. Erickson's PTSD was a severe

impairment during the relevant time period.  In any event, the argument is made in the negative

and therefore does not prove the positive—that Mr. Erickson's PTSD was a severe impairment

prior to 1985 that rendered him disabled.

Hence, on the present record, the Court cannot say a reasonable ALJ would be required to

find Mr. Erickson disabled after considering all of the evidence of record.  To the contrary, the

present record suggests that it would not be unreasonable for an ALJ to conclude there is

insufficient evidence to substantiate the existence of PTSD during the relevant time period as a

severe impairment at step two of the sequential evaluation process.  As such, there are reasons to

find that during the relevant time period, Mr. Erickson did not have a severe impairment that

rendered him disabled.  Nonetheless, the Court concludes it would be prudent to remand the

matter for further proceedings in light of the ALJ's conceded errors, rather than simply affirming

the ALJ's decision.

In sum, the Court recommends this matter be remanded for further proceedings.  The ALJ

erred in evaluating Dr. Sternes' opinions and there remain outstanding issues that must be

resolved before a determination of disability can be made.

**C.       The ALJ's evaluation of Mr. Erickson's credibility**

Given the Commissioner's concession that the ALJ erred in evaluating Dr. Sterne's

opinions, the ALJ on remand should also reevaluate Mr. Erickson's credibility with respect to his

claims that PTSD renders him disabled.

<strong>CONCLUSION</strong>

For the foregoing reasons, the Court recommends the Commissioner's decision be

**REVERSED** and the case be **REMANDED** for further administrative proceedings.  On remand,

REPORT AND RECOMMENDATION - 7

the ALJ should (1) reevaluate the medical evidence regarding Mr. Erickson's PTSD including

the opinions of Dr. Plattner and Dr. Sternes; (2) develop the record as it pertains to PTSD; (3)

complete the five-step disability evaluation process as deemed necessary, limited to whether Mr.

Erickson was under disability due to PTSD.  Mr. Erickson did not assign error to the ALJ's

evaluation of other impairments that Mr. Erickson claimed he had such as Hepatitis C,

depression and chronic back pain.  Tr. 17.  Accordingly, the ALJ's determinations regarding

those impairments should remain undisturbed and the scope of remand should be limited to

reevaluating PTSD.

Objections if any to this Report and Recommendation must be filed and served no later

than **October 12, 2011**.  If no objections are filed, the matter will be ready for the Court's

consideration on that date.  If objections are filed, any response is due within 14 days after being

served with the objections.  A party filing an objection must note the matter for the Court's

consideration 14 days from the date the objection is filed and served.  Responses to objections

must be filed no later than 14 days after being served with objections.  Objections and responses

shall not exceed twelve pages.  The failure to timely object may affect your right to appeal.

DATED this 28th day of September, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge